IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

BRENDA MUNCY,

           Plaintiff,

v.                                        CIVIL  ACTION  NO.  3:07-0563

DANNY CRISWELL, et al.,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a Motion to Dismiss by Defendant Mountain Enterprises, Inc. a/k/a and/or d/b/a The Mountain Companies (hereinafter referred to as "Mountain Enterprises"). [Doc. No. 10]. Upon consideration, the Court **GRANTS** the motion and **DISMISSES** Mountain Enterprises from this action.

In her Complaint, Plaintiff Brenda Muncy alleges she was injured as a result of an automobile accident that occurred during the course of her employment with Mountain Enterprises. Ms. Muncy asserts the accident was caused by the negligence of Defendant Danny Criswell. Mr. Criswell's insurer, Kentucky Farm Bureau, agreed to pay Plaintiff $25,000, which represented the per person limits under the policy.

Plaintiff asserts that her damages exceeded the $25,000 policy limits. Thus, as an employee of Mountain Enterprises, Plaintiff also claims she is entitled to insurance proceeds under a general commercial liability or GAP coverage policy issued to her employer by Defendant Zurich

American Insurance Company d/b/a Zurich North America (hereinafter referred to as "Zurich"). Therefore, she brought this action to determine her rights to collect proceeds under the policy.[1] She also alleges that Zurich has violated West Virginia's Unfair Claims Settlement Practices Act, and she seeks damages for the alleged violations.

In its motion, Mountain Enterprises argues it should be dismissed because the Complaint makes no allegation that it has done anything wrong and, therefore, Plaintiff has failed to state a claim against it. In addition, Mountain Enterprises claims that it is immune from Plaintiff's common law claims under Kentucky's Workers' Compensation law.[2] In her Response, Plaintiff states that she is willing to stipulate that Mountain Enterprises is not liable in this action, however, Plaintiff asserts that Mountain Enterprises is both a real party in interest and an indispensable party. For the following reasons, the Court disagrees.

Plaintiff argues Mountain Enterprises is properly named as a defendant in this case because it was issued the insurance policy and she will need access to information regarding the policy through discovery. In addition, Plaintiff asserts that it would be unduly confusing to a jury for Zurich to appear as a defendant without Mountain Enterprises. The Court finds no merit to either of these arguments.

---

[1] Zurich consented to Plaintiff's settlement with Kentucky Farm Bureau and agreed to waive its subrogation rights.

[2] The accident occurred in Kentucky.

First, Plaintiff's cursory argument that discovery will be impeded is unsupported. As indicated by Mountain Enterprises, Plaintiff may seek through discovery the policy and any accompanying records in its action against Zurich regardless of whether Mountain Enterprises is named as a defendant. Second, the Court finds that maintaining the action only against Zurich will not unduly confuse a jury. Clearly, a jury can easily understand that Plaintiff is seeking insurance proceeds and damages for bad faith against the insurance company and, therefore, the action is against the insurer. Indeed, it may be more confusing for the jury if the employer is named when Plaintiff admits it has no liability in this matter. Thus, Plaintiff has failed to establish that Mountain Enterprises is in any way an indispensable party to this action.[3]

---

[3]Rule 19(a) of the Federal Rules of Civil Procedure provides, in relevant part:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> > (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> >
> > (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> >
> > > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> > >
> > > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

*Fed. R. Civ. P.* 19(a), in part.

Accordingly, as Plaintiff concedes it has no liability claim against Mountain Enterprises and Plaintiff has failed to demonstrate why Mountain Enterprises should be maintained as a defendant in this matter, the Court **GRANTS** Mountain Enterprises' Motion to Dismiss. [Doc. No. 10].[4]

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:     February 6, 2008

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[4]Given the Court's holding, it is unnecessary for the Court to address Mountain Enterprises' immunity from suit argument. In fact, Plaintiff did not even respond to this argument.